**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-27-KHV |
| RALPH MAYO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 4, 2014, the Court sentenced defendant to 54 months in prison and 60 months of supervised release. See Judgment In A Criminal Case (Doc. #1636). This matter is before the Court on defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2114) filed July 20, 2018. The government and the United States Probation Office oppose defendant's request to terminate his supervision.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). For substantially the reasons stated in the Government's Response In Opposition To Motion To Terminate Defendant's Term Of Supervised Release And Motion To Enforce Plea Agreement (Doc. #2124) filed August 14, 2018 and the Government's Supplemental Response In Opposition To Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2128) filed August 29, 2018, the Court finds that defendant has not shown that termination of supervision is

warranted.[1]  The Court has considered the positions of the United States Attorney and the United States Probation Office, and the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).  Defendant has completed slightly less than half of his term of supervised release.  During supervision, he has been involved in nine domestic violence incidents, most recently on August 27, 2017.  While defendant apparently has done well on supervision this past year and completed the MRT program, the Court finds that continued supervision would be helpful and is necessary to ensure that defendant continues to adjust to his release after prison.  Defendant has not shown that his conduct and the interest of justice warrant early termination of supervised release.  If defendant continues to perform well on supervised release, the Court will reconsider this issue after September 1, 2019, if defendant files an appropriate motion.  At this time, however, based on defendant's showing and the relevant factors under Section 3553(a), the Court overrules defendant's request for early termination of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2114) filed July 20, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Government's Response In Opposition To Motion To Terminate Defendant's Term Of Supervised Release And Motion To Enforce Plea Agreement (Doc. #2124) filed August 14, 2018 is **OVERRULED as moot**.

Dated this 17th day of September, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Because defendant has not shown that termination of supervised release is warranted, the Court does not reach the government's argument that in the plea agreement, defendant waived his right to file a motion for early termination of supervised release.