IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 12-20066-27-KHV |
| | ) | |
| RALPH MAYO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On September 17, 2018, the Court overruled defendant's motion for early termination of supervised release. See Memorandum And Order (Doc. #2133). Even so, the Court noted that if defendant did well on supervision for at least one year, it would reconsider the issue if he filed an appropriate motion. See id. at 2. This matter is before the Court on defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2243) filed July 29, 2020. Both the United States Attorney and the United States Probation Office oppose defendant's request for relief. For reasons stated below, the Court overrules defendant's motion.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has "broad discretion" to grant or deny termination of supervised release. Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (citing Burkey v. Marberry, 556 F.3d 142, 144–45 (3d Cir. 2009)).

The Court has considered the positions of the United States Attorney and the United States Probation Office, and the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). For substantially the reasons stated in the

Government's Response In Opposition To Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2264) filed August 27, 2020, defendant has not shown that termination of supervision is warranted.  In particular, during supervision, defendant has been involved in at least seven domestic violence incidents.  As a result of the incident in July of 2019, the Court modified the terms of his supervised release to prohibit contact with his former girlfriend.  In addition, the Probation Office referred him to counseling to address relationships and conflict resolution.  In March of 2020, the Probation Office concluded that despite the no contact restriction, defendant was living with his former girlfriend.  In September of 2020, his former girlfriend called the police about yet another altercation.  In sum, defendant has not shown that he has done well on supervision since September of 2018, when the Court rejected his prior request for early termination of supervised release.  It appears that continued supervision would be helpful and is necessary to ensure that defendant continues to adjust to his release after prison.  Based on defendant's showing and the relevant factors under Section 3553(a), the Court overrules defendant's motion for early termination of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #2243) filed July 29, 2020 is **OVERRULED**.

Dated this 6th day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge